UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re:                                    Chapter:    13

ADAIR, KELVIN                             Case No.:   14-33264-DHW

   Debtor


MOTION FOR RELIEF FROM AUTOMATIC STAY
AND CO-DEBTOR STAY AND REQUEST FOR TELEPHONIC HEARING (REAL
PROPERTY)

BANK OF AMERICA, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 3400 Cross Creek Drive, Montgomery, AL 36116-3608 (the "Property"). The facts and circumstances supporting this Motion are set forth in the Affidavit in Support of Motion for Relief from Automatic Stay attached hereto as Exhibit A. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on 12/03/2014.

2. A Chapter 13 Plan was confirmed on 03/09/2015.

3. This Honorable Court has jurisdiction to hear this matter and enter a final order pursuant to 28 U.S.C § § 157 and 1334, and 11 U.S.C § 362. The Motion constitutes a core proceeding and is a contested matter pursuant to Fed R. Bankr. P. 4001(a) and 9014.

4. The Debtor has executed and delivered that certain promissory note in the original principal amount of $75,069.00 (the "Note"). Movant is an entity entitled to enforce the Note. A copy of the Note is attached hereto as Exhibit B.

5. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under the Note and Mortgage with respect to the Loan are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit C.

6. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of Mortgage. A copy of the assignment of Mortgage is attached hereto as Exhibit D.

7. Vanita T Russell also executed the Note and/or Mortgage and Movant also request relief from co-debtor stay.

8. Bank of America, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

9. As of September 11, 2015, the outstanding amount of the Obligations less any partial payments or suspense balance is $68,240.41.

10. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $575.00 in legal fees and $176.00 in court costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

11. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | 07/01/2015 | 09/01/2015 | $637.50 | $1,912.50 |
| Less post-petition partial payments: | | | | ($501.31) |

Total: **$1,411.19**

12. The fair market value of the Property is $83,100.00. The basis for such valuation is the Debtor's Schedules.

13. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $68,240.41.

14. Cause exists for relief from the automatic stay for the following reasons:

a. Post-confirmation payments required by the confirmed plan have not been made to Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

3. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

4. That the 14 day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. For such other relief as the Court deems proper.

Respectfully submitted,

/s/Janna L. Ifshin
Janna L. Ifshin (IFS-001)
Diane Murray (MUR-048)
Donald M. Wright (WRI-021)
Enslen Crowe (CRO-098)
Attorney for Creditor

OF COUNSEL:

Janna L. Ifshin
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: (205) 918-5083/Fax: (205) 212-2874
jifshin@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from Automatic Stay was mailed, first class postage prepaid to the following:

Kelvin Adair
3400 Cross Creek Dr.
Montgomery, AL 36116

Vanita T Russell
3400 Cross Creek Drive
Montgomery, AL 36116-3608

and served via electronic case management to:

Joshua C Milam
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 25th day of Sept., 2015.

/s/Janna L. Ifshin
OF COUNSEL